IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SANDCRAFT, LLC, *dba* Sandcraft Motorsports, an Arizona Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>KB3 UTV, LLC, a Missouri Limited Liability Company, and KB3 UTV PRODUCTS, LLC, a Kansas Limited Liability Company,<br><br>    Defendants. | No. 4:22-cv-00663-DGK |

## ORDER GRANTING DEFAULT JUDGMENT

This case arises from Plaintiff Sandcraft, LLC's patent infringement claim against Defendant[1] KB3 UTV, LLC. Now before the Court is Plaintiff's motion for default judgment and request for a permanent injunction enjoining Defendant from infringing on its patent. ECF No. 12. Defendant has not responded. For the reasons stated below, the motion is GRANTED.

**Standard**

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a party for failure "to plead or otherwise defend," following a clerk's entry of default. *See* Fed. R. Civ. P. 55(a). In considering a motion for default judgment, the Court takes as true all factual allegations in the complaint, "except those relating to the amount of damages." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). If the resulting facts constitute a legitimate cause of action, the Court may enter default judgment against a defendant. *Id.*

---

[1] Plaintiff also filed suit against Defendant KB3 UTV Products, LLC, but later moved to dismiss this party. *See* Order of Dismissal, ECF No. 14.

**Background**[2]

Plaintiff is a limited liability company formed under the laws of Arizona that designs, manufactures, assembles, advertises, markets, offers, sells, and distributes certain aftermarket parts for Utility Terrain Vehicles ("UTV"). Defendant is a limited liability company formed under the laws of Missouri that advertises, markets, offers, sells, and distributes certain UTV parts, including aftermarket parts, online.

On May 1, 2018, United States Patent Number 9,956,872 (the "'872 Patent"), entitled "CARRIER BEARING ASSEMBLY", was duly and legally issued. The '872 Patent contains 18 claims—two claims (Claims 1 and 11) are independent claims, and the remaining claims are dependent claims. Plaintiff is the sole assignee and owner of the entire right, title, and interest in the '872 Patent. Plaintiff manufactures, assembles, advertises, markets, offers for sale, sells, and distributes carrier bearings and carrier bearing assemblies that embody and use the inventions claimed in the '872 Patent (the "Sandcraft Products"). The '872 Patent contains the following illustration of Plaintiff's carrier bearing assembly, i.e., a Sandcraft Product:



---

[2] Because Defendant failed to plead or otherwise defend this lawsuit, the Court takes all facts in Plaintiff's complaint as true. *See Murray*, 595 F.3d at 871.

*See* Pl.'s Compl., Ex. A, ECF No. 1. Plaintiff marked and continues to mark the Sandcraft Products with a patent number and, prior to the issuance of patents, marked the Sandcraft Products with the designation "Patent Pending."

Despite having actual notice of Plaintiff's '872 Patent since at least August 15, 2022, Defendant has and continues to make, use, sell, offer to sell, and/or import carrier bearings products that embody and use inventions claimed in the '872 Patent ("the Accused Products"). The following image depicts an Accused Product found on Defendant's website:



*See id.*, Ex. B.

Defendant has committed acts of direct infringement of at least Claim 11 of the '872 Patent. Defendant also has and continues to actively induce infringement of the '872 Patent by one or more third party manufacturers, distributors, importers, retailers, agents, and/or contractors. For example, by providing or making available to such third parties instructions for installing the Accused Products in an infringing manner. And finally, Defendant has and continues to contributorily infringe on the '872 Patent by selling or offering to sell the Accused Products, knowing them to be especially made or especially adapted for practicing the invention of the '872 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use. More specifically, Defendant knows its customers install the Accused Products and the

resulting product infringes on at least Claim 11 of the '872 Patent, as there are no substantial non-infringing uses for the Accused Products. Because of Defendant's "knowing, intentional, and willful" actions, Plaintiff has suffered and will continue to suffer "immediate and irreparable harm." Pl.'s Compl. at 7.

On October 18, 2022, Plaintiff filed its complaint against Defendant seeking a permanent injunction for infringement of the '872 Patent. On November 8, 2022, Defendant's registered agent, Kenneth Bell, filed a pro se motion for an extension of time to seek legal counsel and file a response to Plaintiff's complaint. ECF No. 8. Recognizing that a limited liability company cannot proceed *pro se* in federal court, the Court granted Defendant an additional thirty days to obtain counsel and file a response. ECF No. 9. Defendant did not respond by the deadline, and Plaintiff moved for an entry of default. ECF No. 10. On January 13, 2023, a clerk's entry of default was entered. ECF No. 11. Now before the Court is Plaintiff's Motion for Default Judgment. ECF No. 12. Defendant has not responded to the motion.

## Discussion

After careful review of the record, the Court finds Defendant infringed on Plaintiff's '872 Patent in violation of 35 U.S.C. § 271(a)–(c), and Plaintiff is entitled to default judgment. Looking to the requested relief,[3] the Court finds a permanent injunction is appropriate.

Pursuant to the Patent Act, a court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. A plaintiff seeking permanent injunctive relief must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages,

---

[3] Although Plaintiff's complaint requests additional damages—e.g., ordering accounting, pre-judgment and post-judgment interest and costs, monetary damages, reasonable attorney fees—Plaintiff only requests a permanent injunction in its motion before the Court. Thus, the Court limits its Order accordingly. *See* Pl.'s Compl. at 7–8.

4

are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." *Id.*

Looking to the first factor, the Court finds Plaintiff has suffered irreparable injury. Defendant's selling of the Accused Products directly affects Plaintiff's right to exclusively control the use of its '872 Patent. *See eBay Inc.*, 547 U.S. at 392 (Under the Patent Act, "'patents shall have the attributes of personal property,' § 261, including, 'the right to exclude others from making, using, offering for sale, or selling the invention,' § 154(a)(1)."). And Defendant's actions also harm Plaintiff's reputation as an innovator. *See, e.g.*, *Douglas Dynamics, LLC v. Buyers Prod. Co.*, 717 F.3d 1336, 1344–45 (Fed. Cir. 2013) (finding "[Plaintiff's] reputation as an innovator will certainly be damaged if customers found the same 'innovations' appearing in competitors' snowplows," and also "if its dealers and distributors believed it did not enforce its intellectual property rights").

The second factor also weighs in favor of Plaintiff. Although monetary damages have not been ascertained (because Defendant failed to defend this lawsuit), money damages would not stop Defendant from infringing on Plaintiff's '872 Patent in the future. *See, e.g.*, *Kustom Cycles, Inc. v. Dragonfly Cycle Concepts, LLC*, No. CIV 18-5024-JLV, 2019 WL 2995484, at *3 (D.S.D. July 9, 2019) ("The court's inability to ascertain monetary damages, coupled with the necessity of an injunction to prevent future infringement, show that a legal remedy is inadequate in this case."). Additionally, remedies at law are inadequate to compensate Plaintiff for any reputational loss discussed above. *See Douglas Dynamics, LLC*, 717 F.3d at 1345.

5
Case 4:22-cv-00663-DGK   Document 15   Filed 05/17/23   Page 5 of 7

Third, the balance of hardships weighs in favor of Plaintiff. An injunction preventing Defendant from engaging in unlawful patent infringement will not harm Defendant. *See Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1306 (Fed. Cir. 2012) (quoting *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 704 (Fed.Cir.2008)) ("[O]ne who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected."). To the contrary, Plaintiff suffers continual harm from the patent infringement. *See, e.g.*, *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1156 (Fed. Cir. 2011) ("[R]equiring [Plaintiff] to compete against its own patented invention . . . places a substantial hardship on [Plaintiff].").

And finally, "[a]s a general matter, the public maintains an interest in protecting the rights of patent holders[.]" *Kustom Cycles, Inc.*, 2019 WL 2995484, at *3 (quotation omitted). Further, nothing in the record suggests a permanent injunction will cause large market disruptions. *See Broadcom Corp.*, 543 F.3d at 704 (discussing the importance of "avoiding immediate market disruptions" when weighing the public interest). Thus, the last factor weighs in favor of Plaintiff as well.

Because Plaintiff has satisfied the four-factor test, a permanent injunction is appropriate. It is hereby ORDERED that Defendant and its officers, agents, servants, employees, and attorneys and other persons who are in active concert or participation with said individuals are permanently enjoined and restrained from directly or indirectly:

1. manufacturing, distributing, providing, selling, offering to sell, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise, or promote the KB3 carrier bearing pictured above, *see supra* p. 3, or any colorable imitations thereof;

2. manufacturing, distributing, providing, selling, offering to sell, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise, or promote any carrier bearing that embodies the claims of the '872 Patent;

3. engaging in any activity that infringes Plaintiff's rights in the '872 Patent; and

4. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by this Order.

**IT IS SO ORDERED.**

Dated: May 17, 2023                              /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT